T.C. Summary Opinion 2002-31

UNITED STATES TAX COURT

DAVID WASHINGTON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10926-00S.               Filed April 2, 2002.

David Washington, pro se.

<u>Raymond M. Boulanger</u>, for respondent.

DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in

effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioner's Federal income taxes of $130 and $2,919 for the taxable years 1998 and 1999. Petitioner resided in Rochester, New York, at the time his petition was filed.

The issues for decision are, with respect to taxable year 1999,[1] whether petitioner is entitled to (1) three dependency exemption deductions, (2) head of household filing status, and (3) an earned income tax credit.

Prior to 1999 and through the time of trial, petitioner was married to Frankie Washington. From some time prior to 1999, until approximately September of that year, petitioner resided in Buffalo, New York, with Diane Lipscomb and her three children: Richard Rodriguez, Jivaughne Brown, and Savaughn Carnes. After September, petitioner resided in Rochester, New York. Petitioner received wages from Home Depot USA, Inc. and Try-It Distributing Company, Inc. in the total amount of $7,120 in 1999. Ms. Lipscomb was unemployed at the time.

Petitioner filed a Federal income tax return for taxable year 1999 as a head of household. He claimed three dependency exemption deductions for Richard, Jivaughne, and Savaughn, and he claimed an earned income credit with Richard and Savaughn as

---

[1]Respondent concedes the deficiency for taxable year 1998.

qualifying children, stating that they were foster children who resided with him the entire year.

In the statutory notice of deficiency, respondent changed petitioner's filing status to married filing separately, disallowed each of the dependency exemption deductions, and disallowed the full amount of the claimed earned income credit for taxable year 1999.

The first issue for decision is whether petitioner is entitled to three dependency exemption deductions.

A deduction generally is allowed under section 151(a) for each dependent of a taxpayer. Sec. 151(a), (c)(1). Subject to exceptions and limitations not applicable here, an individual is a dependent of a taxpayer only if the taxpayer provides over half of the individual's support for the taxable year. Sec. 152(a).

During 1999, petitioner resided with Ms. Lipscomb and her three children. He earned $7,120 during that year, which is the only potential source of support for the children reflected in the record: Petitioner testified that Ms. Lipscomb was not receiving any public assistance while being unemployed and having three children to raise. Despite this testimony, we are convinced that the children had sources of support other than petitioner. Petitioner did not directly address what other sources were available to support the children, nor did he detail any expenses he paid for the children. See sec. 1.152-1(a),

Income Tax Regs. Petitioner has failed to show that he provided over half of the children's support during the year in issue. See Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111 (1933).[2] We therefore sustain respondent's disallowance of the dependency exemption deductions.

The second and third issues for decision are whether petitioner is entitled to head of household filing status and whether petitioner is entitled to an earned income credit.

Generally, an individual who is married at the close of the taxable year is not entitled to head of household filing status. Sec. 2(b)(1). Similarly, an individual who is married at the close of the taxable year is not entitled to an earned income credit if he does not file a joint income tax return with his spouse for the taxable year. Secs. 32(d), 7703(a). An exception to these general rules exists, but generally applies only if the individual maintains a household which is the principal place of abode of at least one child or stepchild for whom the individual is entitled to a dependency exemption deduction. Secs. 2(c), 32(d), 151(c)(3), 7703(b)(1).[3]

---

[2]Sec. 7491(a) does not shift the burden of proof in this case because petitioner has not presented credible evidence concerning the support of the children and payment of their expenses. Sec. 7491(a)(1).

[3]Further exceptions apply, but petitioner does not assert-- and nothing in the record indicates--that they may be applicable.
(continued...)

Petitioner was married to Frankie Washington during the entire taxable year 1999, but he did not file a joint income tax return with her for that year.  We have held that petitioner is not entitled to any dependency exemption deduction for 1999.  Consequently, petitioner is not entitled to head of household filing status or to an earned income credit.  Secs. 2(b)(1), 32(d).

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered for petitioner with respect to taxable year 1998 and for respondent with respect to taxable year 1999.

_____

[3](...continued)
See secs. 2(b)(2), 7703(b)(1).